# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND OCHOA, | 1:06-CV-01425 AWI NEW HC |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| DARRELL G. ADAMS, et al., | [Doc. #7] |
| Respondents. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**[1]

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Kern, following his conviction by guilty plea on May 5, 1995, to assault with a deadly weapon in violation of Cal. Penal Code § 245(a)(2). See Lodged Doc. No. 1. In addition, several sentencing enhancements were found to be true. Id. On May 30, 1995, Petitioner was sentenced to serve an indeterminate term of 25 years to life in state

---

[1] This information is derived from the petition for writ of habeas corpus, Respondent's motion to dismiss the petition, and Petitioner's opposition to Respondent's motion to dismiss.

prison. Id. Petitioner did not appeal the conviction.

Petitioner filed five post-conviction challenges with respect to the pertinent judgment in the state courts, as follows:

1. Petition for writ of habeas corpus in the Kern County Superior Court;
   Filed: March 24, 2000; Denied: April 21, 2000;
2. Petition for writ of habeas corpus in the Kern County Superior Court;
   Filed: December 9, 2003; Denied: December 22, 2003;
3. Petition for writ of habeas corpus in the Kern County Superior Court;
   Filed: September 21, 2005; Denied: October 3, 2005;
4. Petition for writ of habeas corpus in the California Court of Appeals;
   Filed: October 31, 2005; Denied: December 16, 2005;
5. Petition for writ of habeas corpus in the California Supreme Court;
   Filed: January 3, 2006; Denied: September 20, 2006.

See Lodged Docs. Nos. 2-11.

On October 16, 2006, Petitioner filed the instant petition for writ of habeas corpus in this Court. On January 24, 2007, Respondent filed a motion to dismiss the petition for violation of the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1). On February 9, 2007, Petitioner filed an opposition to Respondent's motion to dismiss.

**DISCUSSION**

A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition . . . that the petitioner is not entitled to relief." See also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for

state procedural default); <u>Hillery v. Pulley</u>, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See <u>Hillery</u>, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on October 16, 2006, and therefore, it is subject to the provisions of the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of  habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or

>other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In this case, Petitioner was sentenced on May 30, 1995, and Petitioner did not file an appeal. Pursuant to Rule 31(a) of the California Rules of Court, Petitioner had sixty (60) days in which to file a notice of appeal. Rule 31(a), Cal.R.Ct.; People v. Mendez, 81 Cal.Rptr.2d 301, 302, 19 Cal.4th 1084, 1086, 969 P.2d 146, 147 (1999). Because Petitioner did not file a notice of appeal, his direct review concluded on July 29, 1995, when the sixty-day period for filing a notice of appeal expired.

The AEDPA is silent on how the one year limitation period affects cases where direct review concluded *before* the enactment of the AEDPA. The Ninth Circuit has held that if a petitioner whose review ended before the enactment of the AEDPA filed a habeas corpus petition within one year of the AEDPA's enactment, the Court should not dismiss the petition pursuant to § 2244(d)(1). Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283,1286 (9th Cir.), *cert. denied*, 118 S.Ct. 899 (1998); Calderon v. United States Dist. Court (Kelly), 127 F.3d 782, 784 (9th Cir.), *cert. denied*, 118 S.Ct. 1395 (1998). In such circumstances, the limitations period would begin to run on April 25, 1996. Patterson v. Stewart, 251 F.3d 1243 (9th Cir. 2001). Thus, Petitioner had one year until April 25, 1997, in which to file his federal petition for writ of habeas corpus. Id. However, Petitioner delayed filing the instant petition until October 16, 2006, over nine years beyond the due date. Absent any applicable tolling, the instant petition is barred by the statute of limitations.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the

1  state court system. 122 S.Ct. 2134, 2135-36 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006
2  (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000); Welch v. Newland, 267 F.3d 1013, 1016 (9th
3  Cir.2001) ("tolled period includes intervals between the disposition of a state court petition and the
4  filing of a subsequent petition at the next state appellate level"); Patterson v. Stewart, 251 F.3d 1243,
5  1247 (9th Cir.2001) (stating that the "AEDPA's one-year grace period is tolled during the pendency
6  of properly filed state petitions challenging the judgment or claim at issue.").

7       As stated above, the statute of limitations began to run on April 25, 1996.  Although
8  Petitioner filed five post-conviction collateral challenges with respect to the pertinent judgment or
9  claim in the state courts, those petitions did not operate to toll the statute of limitations.  The first
10 collateral challenge was not filed until March 24, 2000, almost three years beyond the expiration of
11 the limitations period.  Because the limitations period had already expired, the collateral challenges
12 had no tolling consequences.  Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000) (Petitioner is not
13 entitled to tolling where the limitations period has already run); see also Webster v. Moore, 199 F.3d
14 1256 (11th Cir.2000); Rendall v. Carey, 2002 WL 1346354 (N.D.Cal.2002). Therefore, the petition
15 is untimely.

16 D.  Commencement of the Limitations Period Pursuant to 28 U.S.C. § 2244(d)(1)(C)

17      In his opposition to Respondent's motion to dismiss, Petitioner claims the limitations period
18 should not commence until after the Supreme Court decided Apprendi v. New Jersey, 530 U.S. 466
19 (2000). Petitioner's argument is not persuasive. Pursuant to 28 U.S.C. § 2244(d)(1)(C) (emphasis
20 added), the limitation period runs from "the date on which the constitutional right asserted was
21 initially recognized by the Supreme Court, *if* the right has been newly recognized by the Supreme
22 Court *and made retroactively applicable to cases on collateral review*." In Apprendi, the Supreme
23 Court held that, under the Sixth Amendment, any fact (other than a prior conviction) that exposes a
24 defendant to a sentence in excess of the relevant statutory maximum must be found by a jury, not a
25 judge, and established beyond a reasonable doubt, not merely by a preponderance of the evidence.
26 Apprendi, 530 U.S. at 490. However, the Supreme Court did not hold Apprendi to be retroactively
27 applicable to cases on collateral review. Harris v. United States, 536 U.S. 545, 581 (2002) ("No
28 Court of Appeals, let alone this Court, has held that Apprendi has retroactive effect."); United States

1  v. Sanchez-Cervantes, 282 F.3d 664 (9th Cir.2002) (the ruling in Apprendi does not apply

2  retroactively to initial petitions for collateral review). Therefore, the limitations period did not

3  commence on the date Apprendi was decided.

4  E.  Equitable Tolling

5       The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that

6  he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his

7  way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran

8  Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998),

9  citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), cert denied, 522 U.S.

10  814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544

11  U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395

12  (9th Cir.1993).

13       Here, Petitioner vaguely mentions the possibility of the existence of a mental condition.

14  Mental incompetency has been considered to be an extraordinary circumstance beyond a prisoner's

15  control. Calderon v. U.S. Dist. Court for Cent. Dist. of Cal. (Kelly), 163 F.3d 530, 541 (9th

16  Cir.1998) (en banc), overruled on other grounds by Woodford v. Garceau, 538 U.S. 202, 206 (2003).

17  If in fact Petitioner is arguing his mental condition was such an extraordinary circumstance, his

18  claim for equitable tolling should be rejected because it is completely unsupported by any facts.

19  **RECOMMENDATION**

20       Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be

21  GRANTED and the habeas corpus petition be DISMISSED with prejudice for Petitioner's failure to

22  comply with 28 U.S.C. § 2244(d)'s one year limitation period.

23       This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United

24  States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule

25  72-304 of the Local Rules of Practice for the United States District Court, Eastern District of

26  California.

27       Within thirty (30) days after being served with a copy of this Findings and Recommendation,

28  any party may file written objections with the Court and serve a copy on all parties.  Such a

1 document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."
2 Replies to the Objections shall be served and filed within ten (10) <u>court</u> days (plus three days if
3 served by mail) after service of the Objections.  The Finding and Recommendation will then be
4 submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. §
5 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may
6 waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.
7 1991).

8 IT IS SO ORDERED.

9 **Dated:     February 26, 2007**              **/s/ Sandra M. Snyder**
   icido3                                      UNITED STATES MAGISTRATE JUDGE